# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0538** (Berkeley County 12-F-132)

**Jasmin Dawkins,**
**Defendant Below, Petitioner**

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jasmin Dawkins, by counsel Sherman Lambert Sr., appeals the Circuit Court of Berkeley County's April 28, 2014, order sentencing her to concurrent terms of incarceration for one to five years for two counts of gross neglect creating a substantial risk of serious bodily injury and one year for presenting false information regarding a child's injuries. The State, by counsel Christopher Quasebarth, filed a response. On appeal, petitioner alleges that there was insufficient evidence to support her convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, a Berkeley County Grand Jury indicted petitioner on one count of death of a child by a parent, guardian, or custodian; two counts of gross child neglect creating substantial risk of serious bodily injury; and one count of presentation of false information regarding a child's injuries. The charges stemmed from petitioner's involvement in the burning and subsequent death of her boyfriend's three-year-old child.[1] Following a five-day jury trial, petitioner was convicted of two counts of gross child neglect creating substantial risk of serious bodily injury and one count of presentation of false information regarding a child's injuries. Petitioner was acquitted of one count of death of a child by a parent, guardian, or custodian. Petitioner then filed a motion for judgment of acquittal and a new trial, arguing that there was insufficient evidence to support her convictions. Thereafter, the circuit court held a hearing and denied petitioner's motions and sentenced petitioner to concurrent terms of incarceration of one to five years for each count of gross neglect creating a substantial risk of serious bodily injury in violation of West Virginia Code § 61-8D-4(c) and one year for presenting false information regarding a child's injuries in violation of West Virginia Code § 61-8D-7. It is from this order that petitioner now appeals.

---

[1]The victim suffered from bleeding of his brain and multiple skull fractures.

1

On appeal, petitioner argues that the evidence was insufficient to support her convictions. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we hold that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008). Upon our review, we find that the evidence below was sufficient to support petitioner's convictions. In support of her assignment of error, petitioner erroneously asserts that there was insufficient evidence because Doctor Joseph Novello testified that she "did not possess the required intent to commit the [underlying] crimes because she suffered from battered woman's syndrome." However, this Court finds no merit to this argument because a review of the trial transcript reveals that Dr. Novello never testified that petitioner did not possess the required intent to commit the crimes because she suffered from battered woman's syndrome. Furthermore, the overwhelming evidence admitted at trial was sufficient to support her convictions. The circuit court heard testimony that petitioner was aware that the victim was having trouble staying conscience, that the victim could not walk because his buttock was severely burned, exchanged text messages about physically beating the victim, and that she struck the victim in the face. Petitioner also testified that she was aware that the victim was severely burned and could not walk as a result of the burns. As such, the evidence was sufficient to support petitioner's convictions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II